UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 14-CR-0073-007-CVE |
| | ) |
| MINH THANH PHAM, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter comes on for consideration of the Motion to Appear Pro Hac Vice, to Waive Local Counsel Requirement and Set Hearing Pursuant to Rule 44(c) (Dkt. ## 432, 433). Frank DeSalvo and Brigid Collins request leave to appear pro hac vice on behalf of defendant Minh Thanh Pham. Counsel have advised the Court that they represent a co-defendant, Liem Thanh Vu, but counsel state that defendant is aware of their representation of Vu and Pham asks that counsel represent him as well. Dkt. # 432, at 2. Counsel request that their motion for admission pro hac vice be set for a hearing.

The Sixth Amendment guarantees that a defendant who does not require appointed counsel is entitled to choose who will represent him. United States v. Gonzalez-Lopez, 548 U.S. 140, 144 (2006). The right to counsel of choice is not absolute and a court may refuse to allow a certain attorney to represent a defendant if a conflict of interest would impair the integrity of the criminal proceedings. Wheat v. United States, 486 U.S. 153, 159 (1988). Under Fed. R. Crim. P. 44(c), joint representation occurs when two or more defendants have been charged jointly under Fed. R. Crim. P. 8(b) and the defendants are represented by the same attorneys. In such cases, the Court must "promptly inquire about the propriety of joint representation" and the Court must take appropriate

measures to protect each defendant's right to counsel. As a constitutional matter, joint representation of criminal defendants is not per se prohibited, but this does present "special dangers" and a district court must be cautious about permitting joint representation. Wheat, 486 U.S. at 159-60. "If there is a conflict of interest between the attorney chosen by the defendant and someone involved in the trial, the attorney usually may be excluded unless the likelihood and severity of the conflict are minimal compared to the defendant's interest in obtaining counsel of choice." United States v. McKeighan, 685 F.3d 956, 968 (10th Cir. 2012).

Defendant notes that there is a "potential conflict" from counsel's representation of two defendants in the same case, and he is aware that DeSalvo and Collins represent Pham. To the contrary, there is an actual conflict of interest when an attorney seeks to represent more than one defendant in a criminal case. While defendant Pham may be aware of the conflict, his motion does not state whether Vu is aware that his attorneys are seeking to represent a co-defendant and if Vu would waive any conflict of interest. Even assuming that both defendants waived the conflict of interest, the Court must balance defendant's right to counsel of choice against the risk of prejudice to defendant and Vu from the joint representation of defendants by DeSalvo and Collins. Vu has changed his plea to guilty and he is set for sentencing on August 12, 2016. The Court does not know who will be called to testify if this matter goes to trial, but there is a reasonable probability that Vu could be called as a witness at trial. This would present a situation where there would be significant prejudice to both defendant and Vu if counsel were permitted to represent both defendants. If Vu were called as a witness at trial, he would be entitled to counsel to defend his constitutional rights as a witness. DeSalvo and Collins would be unable to assist Vu in his capacity as a witness, because they would have a separate obligation to vigorously cross-examine him on

behalf of Pham. Even if this matter does not go to trial, there is a substantial risk of prejudice to defendant from a joint representation of defendant and Vu by the same attorneys. A reasonable person could question whether counsel pressured defendant to change his plea and waive jury trial to avoid the conflict that would be presented at trial, and defendant would very likely have a legitimate ineffective assistance of counsel claim.

The Court also finds that matters aside from the conflict of interest weigh against allowing DeSalvo and Collins to represent defendant. The sealed superseding indictment (Dkt. # 9) adding defendant to the case was filed on June 9, 2014, and defendant made his initial appearance on July 28, 2014. Defendant represented to the Court by affidavit that he was indigent, and counsel was appointed to represent him. Dkt. # 64. Charles Robert Burton, IV was appointed to represent defendant and he has now represented defendant for one and a half years. This case is set for trial in July 2016 and the trial has been delayed several times due to problems with the production of discovery materials to defense counsel. Defense counsel for other defendants have also advised the Court of the time-consuming nature of the review of the voluminous and complex discovery materials. There is a significant risk of delaying the trial even further if the Court permitted new counsel to enter an appearance on behalf of defendant, because counsel would have to essentially start over with the review of discovery materials. Even if counsel were ready for trial by July 2016, it would be reasonable to question whether counsel would be fully prepared for trial given the amount of time it has taken for counsel for other defendants to review discovery.

The Court finds that DeSalvo's and Collins' motion to enter an appearance <u>pro hac vice</u> on behalf of defendant should be denied, and it not necessary for the Court to set the motion for a hearing. There is such a substantial risk of prejudice to defendant and Vu from the proposed joint

representation, and it would likely result in a violation of defendant's and Vu's constitutional rights if DeSalvo and Collins were permitted to represent both defendants. Allowing the joint representation would also be likely to delay this case which has been pending for a year and a half, and the other defendants and the public have a strong interest in seeing this case go to trial as scheduled.

**IT IS THEREFORE ORDERED** that the Motion to Appear Pro Hac Vice, to Waive Local Counsel Requirement and Set Hearing Pursuant to Rule 44(c) (Dkt. ## 432, 433) is **denied**.

**IT IS FURTHER ORDERED** that the Court Clerk is directed to refund the pro hac vice fee paid by DeSalvo and Collins.

**DATED** this 22nd day of January, 2016.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE